IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

ALVIN ROBINSON          )
and                     )
LINDA ROBINSON          )
                        )
          Plaintiffs,   )
                        )
v.                      )          Civil Action No. 4:15cv00040
                        )                  Consolidated
SERGEANT D.W. DAVIS     )
and                     )
CHRISTOPHER PARKER      )
                        )
          Defendants.   )

## MEMORANDUM OF LAW IN SUPPORT OF PARKER'S
## MOTION FOR JUDGMENT AS A MATTER OF LAW

The defendant, Christopher Parker ("Parker"), by counsel, submits the following

Memorandum of Law in support of his Motion for Judgment as a Matter of Law as to both

Plaintiffs, pursuant to Federal Rule of Civil Procedure 50.

### I.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 50, Parker is entitled to judgment as a matter of law

"if the nonmoving party failed to make a showing on an essential element of his case with

respect to which he had the burden of proof." *Price v. City of Charlotte*, 93 F.3d 1241, 1249 (4th

Cir. 1998) (citation omitted). In determining the defendant's motion, the Court must consider the

evidence and all reasonable inferences in the light most favorable to the plaintiffs. *See id.*

In addition, Virginia law imposes a stricter standard for maintaining common law tort

suits for malicious prosecution arising from criminal proceedings because "criminal prosecutions

are essential for maintaining an orderly society and people should not be discouraged from

bringing such actions out of fear of subsequent civil proceedings against them." *O'Connor v.*

*Tice*, 281 Va. 1, 7 (2011).

1

## II.  ARGUMENT

### A. Alvin's claim for malicious prosecution

To prevail in his malicious prosecution claim, Alvin must show that Parker (1) initiated the arrest, (2) with malice, (3) without probable cause; and (4) terminated in a manner favorable to Alvin. *Lewis v. Kei*, 281 Va. 715, 722 (2011) (citing *O'Connor v. Tice*, 281 Va. 1, 7 (2011); *Baker v. Elmendorf*, 271 Va. 474, 476 (2006)).

#### 1.  Parker did not initiate the charges against Alvin

The Fourth Circuit has held that a defendant simply providing information to the police when asked is insufficient conduct to meet the "initiation" element of a malicious prosecution action. *Brice v. Nkaru*, 220 F.3d 233, 239 (4th Cir. 2000). In *Brice*, the defendant, Nkaru, called the police after he believed the plaintiff, Brice, had presented a false identification to cash a check at a convenience store where Nkaru was working. *Id.* at 236. Based on Nkaru's statements, the police connected Brice to an earlier report of a false check utterance complaint. *Id.* Yet, Brice could prove Nkaru's information was incorrect. *Id.* After his charge was *nolle prossed*, Brice sued Nkaru on a claim of malicious prosecution. *Id.*

On appeal, the Fourth Circuit found that, as a matter of law, Nkaru did not institute or procure the prosecution of Brice. *Id.* at 237. To meet this element under Virginia law, the plaintiff must provide some evidence that the defendant "*controlled* the decisions of the law enforcement officials with respect to the investigation and prosecution" of the plaintiff. *Id.* at 239 (emphasis added). Merely calling the police, reporting a crime, and providing false information is insufficient to meet this element, when the defendant did not seek the plaintiff's arrest or take any other action to induce law enforcement to prosecute unless the plaintiff can prove the witness knew the information was false when he provided it. *Id.*

2

In the case at bar as in *Brice*, Alvin's malicious prosecution claim fails because Parker did nothing more than call the police and then answer the investigating officer's questions when they arrived. Alvin has not provided any evidence that Parker took any further action to procure Alvin's prosecution or arrest. Parker did not swear out the warrant for arrest, nor did he encourage law enforcement to prosecute. On the contrary, evidence shows that the case against Alvin was dismissed when Parker attended a business trip out of state on the date of retrial pursuant to Alvin's appeal. This is wholly inconsistent finding that Parker took any action to procure Alvin's arrest or prosecution. Therefore, Alvin's malicious prosecution claim fails.

## 2. There is no evidence of maliciousness

The plaintiff in *Brice* attempted to overcome the lack of procurement of his arrest by alleging that Nkaru intentionally made false statements to the police. *Id.* at 239. Yet, the Fourth Circuit overturned the jury's verdict in Brice's favor despite evidence that Nkaru's statements to the police were demonstrably false, that exculpatory information was withheld from the police, and that Nkaru himself repudiated some of his own statements. *Id.* at 241. The court held, however, that the mere possibility that the defendant made a false statement was insufficient to sustain the verdict. *Id.* at 240-41. To sustain a claim of malice and procurement of arrest and prosecution by falsehood, a plaintiff needs more than his mere allegations. *Id.* Instead, the plaintiff must provide some evidence that the defendant was not only factually incorrect, but that that he intentionally and knowingly was making a false statement.

Alvin has less proof on the element of malice than the plaintiff in *Brice* because he has no evidence that Parker made a factually untrue statement, much less that he did so knowingly. In fact, the facts as admitted by Alvin on cross-examination indicate that Alvin concedes nearly all of the facts that are relevant to the crimes for which he was arrested.

3

Alvin was arrested for violating Virginia's abduction statute, which includes detaining a person in a place by intimidation with the intention of depriving the victim of his liberty, and misdemeanor assault. (Va. Code § 18.2-47, Va. Code § 18.2-57). Alvin admits in his Amended Complaint and in his deposition that he and his wife went to Parker's office and the conversation became heated when discussing a coaching change at the school. (Alvin Compl., ¶ 6-8). Alvin and Linda admitted that Parker told the Robinsons to leave his office, then dialed 911 to summon the police for help.

Alvin admitted that while Parker was on the phone with 911, Alvin turned to the door of Parker's office and Parker attempted to run past him and escape the office. Alvin also admitted he got to the door at about the same time as Parker and did not deny that he probably touched Parker's hand on the door handle. These facts alone are sufficient to show Parker had no malice in calling the police and reporting there was contact between him and Alvin in the office and that he was afraid he would be harmed if he tried to leave the office. In fact, he was harmed. Alvin alleges only that he did not intend the contact or the harm. Although a lack of intent is sufficient to defeat the criminal charges, Parker did not and could not have known Alvin's lack of intent to harm him. Therefore, Alvin's malicious prosecution count also fails on the malice element.

### 3. Probable cause existed for both the assault charge and the abduction charge

Alvin's claims for malicious prosecution fails on the third element because the uncontroverted evidence shows that probable cause existed for his arrest. Not only do the admitted facts show that Alvin touched Parker and stood between him and the doorway, Alvin was convicted for assault based on those same facts. As noted by Judge Dalton in the Harrisonburg Division of the Western District of Virginia, "[i]t is now settled law in Virginia that 'conviction of a crime before a justice, though reversed upon appeal, is conclusive evidence

of probable cause'" unless the conviction was shown to be the result of fraud or false testimony. *Marsh v. Commercial & Sav. Bank*, 265 F. Supp. 614, 620 (W.D. Va. 1967) (quoting Burks Pleading and Practice, p 259, § 150 (4th Edition)). It takes more than simply the accusation that the conviction was procured through false testimony, but actual evidence that was the case. *Id.* (finding nothing in the record supported an allegation of fraud).

The general district court convicted Alvin on the assault charge. He then appealed to the circuit court, where the case was dismissed because the court would not grant a continuance so Parker could appear as a witness. As discussed above, the general district court conviction is conclusive as to probable cause of assault, unless Alvin can prove that it was procured through fraud or the false testimony of Parker. *Id.*

The assault conviction shows that probable cause existed for the assault charge, but it also shows that probable cause existed for the abduction charge. The basis for abduction is that Alvin used force or intimidation to prevent Parker from safely leaving his office. There was probable cause to conclude Parker was assaulted by Alvin and Alvin admits that the contact that constituted assault occurred when Parker attempted to leave the office. Therefore, the assault gives probable cause to conclude that Alvin also committed the crime of abduction.

## B. Alvin's claim for false imprisonment

Alvin's false imprisonment claim is premised on being arrested and imprisoned with no legal justification, meaning that there was no probable cause. The undisputed facts show there was probable cause, however, so Alvin cannot prevail on his false imprisonment claim. *Lewis v. Kei*, 281 Va. 715, 722 (2011) (citing *DeChene v. Smallwood*, 226 Va. 475, 481 (1984)). As stated before, in Virginia, a conviction is conclusive evidence as to the existence of probable cause. *See Marsh*, 265 F. Supp. at 620. Alvin admitted on cross examination that he was indeed

5

convicted at the general district court. Alvin's claims for false imprisonment, therefore, must fail on that basis alone.

Similarly, the same facts support a finding of probable cause for the arrest for violation of Virginia Code § 18.2-47. Although a violation of this Code section is referred to as abduction, violation of this Code section does not require transportation. Instead, Virginia's abduction statute is met when an accused detains a person using force or intimidation with the intention of depriving the person of their liberty. *Id.*

Parker felt afraid to the point where he called 911 and requested police assistance. It is undisputed that when Parker did attempt to leave the office, Alvin reached for the door at the same time such that even Alvin concedes there "could have" been contact. It is additionally undisputed that Alvin is six feet, nine inches tall and Parker is at least a foot shorter. These facts together demonstrate that a reasonable person in Parker's situation would have believed he could not leave his office safely. Not only would a reasonable person been intimidated by a much larger man blocking the doorway while his wife was yelling angrily, but Parker was in fact harmed by force when he attempted to leave. Alvin disputes only that it was not his intention to detain Parker, but a question of Alvin's unexpressed intention is not enough to prevent a reasonable person from believing that the elements for abduction under Virginia law were met. Because there is probable cause for both counts for which Alvin was arrested, there is no valid claim for false imprisonment.

### C. Linda Robinson failed to show any nexus between her arrest or prosecution and Parker

For Linda to prevail against Parker in her claim of malicious prosecution, she must prove that her prosecution was (1) with malice, (2) instituted by or with the cooperation of Parker, (3) without probable cause; and (4) terminated in a manner not unfavorable to Linda. Lewis v. Kei,

281 Va. 715, 722 (2011) (citing O'Connor v. Tice, 281 Va. 1, 7 (2011); Baker v. Elmendorf, 271 Va. 474, 476 (2006)). Linda was arrested for assaulting Watkins when Watkins stood in Parker's doorway, blocking Linda from reentering Parker's office.

Her claim for false imprisonment is premised on the allegation that Parker caused her to be arrested and imprisoned illegally. Linda Compl., ¶ 26. If Linda's arrest was lawful and supported by probable cause, then she "cannot prevail on a claim of false imprisonment." Lewis, 281 Va. at 722 (citing DeChene v. Smallwood, 226 Va. 475, 481 (1984)).

Linda has no basis for a claim either in false imprisonment or in malicious prosecution against Parker, simply because Parker neither instituted nor participated in her arrest or prosecution. Linda admitted that Parker did not provide any evidence against her at her criminal trial. She additionally admitted that she knows of no false statement that Parker made regarding her assault of Watkins. Nor did Linda offer any evidence that Sergeant Davis relied on any statement by Parker to bring the charges against Linda.

In a case decided by the Supreme Court of Virginia, *O'Connor v. Tice*, the Supreme Court held that the initiation element is met when one benefits from the criminal process, but mere cooperation with the police does not meet the initiation element. In *O'Connor*, the defendants "initiated" the criminal investigation to use the criminal process to collect a private debt. *Id.* at 8-9. In addition, the use of the criminal process was malicious, because the O'Connors could have simply filed a warrant in debt. *Id.* Therefore, they were filing the criminal complaint for private monetary gain, not to see justice served. *Id.* at 9.

In the instant case, Linda has not shown that Parker instituted her criminal process. Unlike the O'Connors, at no point did Parker avail himself of the criminal process with regards to Linda Robinson. The police officer did not rely on Parker's information to arrest Linda. Nor

7

did he use Parker's information to prosecute Linda either. Therefore, not only can Linda not prove the essential elements of either of her claims, which is that Parker participate in her arrest or prosecution, much less that he did so with malice or without probable cause, but she has no evidence that goes to these elements whatsoever. Accordingly, Linda Robinson's case against Parker should be dismissed with prejudice.

## III. CONCLUSION

The Robinsons have failed, as a matter of law, to present evidence adequate to satisfy their burdens of proof both for malicious prosecution and false imprisonment. There is no evidence upon which a jury could find in their favor. Accordingly, this Court should dismiss this matter with prejudice, and grant Defendant Parker any other relief the Court may deem appropriate.

Respectfully submitted,

**CHRISTOPHER PARKER**

By: Erin McNeill
Virginia Bar No. 78816
202 North Ninth Street
Richmond, Virginia 23219
Phone: (804) 692-0598
Fax: (804) 371-2087
Email: emcneill@oag.state.va.us

8